David K. Ford, Esq. General Counsel, New York City Public Development Corporation
You have requested an opinion from our office concerning the Public Development Corporation's ("PDC") authority to enter into real property transactions upon the approval of the executive committee or another standing committee of PDC's board of directors.
PDC is a local development corporation which was created pursuant to Not-For-Profit Corporation Law, § 1411. You have advised us that PDC functions as a corporate instrumentality of the City of New York facilitating commercial and industrial real estate projects throughout New York City. PDC purchases or leases real property owned by New York City and resells, assigns or sublets such property to private industrial and commercial businesses and developers. You have indicated that PDC has purchased and resold over 30 pieces of property and has or will negotiate a similar number of leases which involve millions of dollars.
Section 509 of the Not-for-Profit Corporation Law which was enacted in 1969, provides as follows:
 "No purchase of real property shall be made by a corporation and no corporation shall sell, mortgage or lease its real property unless authorized by the vote of two-thirds of the entire board, provided that if there are twenty-one or more directors, the vote of a majority of the entire board shall be sufficient."
Clearly the literal interpretation of section 509 precludes the delegation of the approval of real estate transactions to the executive committee or any other standing committee. The explanatory memorandum to the Not-for-Profit Corporation Law (McKinney's Not-For-Profit Corporation Law, Explanatory Memorandum, p xv) indicates that the requirement of the special vote was continued from prior statutes. However, section509 of the Not-for-Profit Corporation Law eliminated the previous requirement for court approval of all real estate transactions except those which dispose of substantially all of the assets of the corporation (McKinney's Not-For-Profit Corporation Law, Explanatory Memorandum, p xxx).
You have informed us that PDC has 31 members on its board of directors. Accordingly, a majority vote of the board of directors is sufficient to approve real estate transactions. PDC's certificate of incorporation parallels section 509 and requires a majority of the board of directors to authorize real estate transactions.
You request our opinion as to whether PDC may delegate approval of the real property transactions to the executive committee or another standing committee of the board in light of PDC's alleged difficulties in conducting business and closing deals because the board only meets quarterly and there are so many members.
You note that authorizing real property transactions is not an activity which cannot be delegated by the board of directors under section 712 (a) of the Not-for Profit Corporation Law. Section 712 (a) delineates specific matters which the board of directors cannot delegate to the executive committee or other standing committee. You also contend that section 1411 clearly contemplates that local development corporations have authority to enter into real property transactions and that section 509 is inconsistent with section 1411 as a practical matter.
We are of the opinion that section 509 of the Not-for-Profit Corporation Law is controlling and that section 1411 is not inconsistent with section 509. While section 1411 does authorize local development corporations to enter into real property transactions, it does not indicate who has the authority to approve the real estate transactions. We do not believe that the practical difficulties you describe make section 509 inconsistent with section 1411. Moreover, while section 712 (a) does not expressly prohibit the delegation of real estate transactions, it does prohibit the delegation of any action requiring the members' approval in this chapter. Section 509 reflects a legislative intent to have a substantial number of the members of the board approve real estate transactions. The statute also evinces a recognition of the practical difficulties of a large board insofar as it dispenses with the requirement of a two-thirds majority vote where there are twenty-one or more members. Accordingly, it is our opinion that the PDC does not have authority to delegate the approval of real property transactions to the executive committee or another standing committee of the board of directors.